### Ex parte MOMO TOMIMATSU.

(District Court, N. D. California, First Division. April 26, 1916.)

No. 15970.

1. ALIENS &#x29F8;42—IMMIGRATION—BOARD OF SPECIAL INQUIRY—"OFFICIAL."
    Immigration Act Feb. 20, 1907, c. 1134, § 24, 34 Stat. 906 (Comp. St. 1913, § 4273), provides that immigration inspectors and other immigration officers, clerks, and employés may thereafter be appointed and their compensation fixed by the Secretary of Labor. Section 25 (section 4274) provides that each board of special inquiry shall consist of three members selected from such of the immigrant officials as the Commissioner General of Immigration shall designate as qualified to serve, provided that at ports where there are fewer than three immigrant inspectors the Secretary of Labor may designate other United States officials for service on such boards. At a place where there were more than three immigrant inspectors a clerk in the immigration service was designated to serve on a

---

board of special inquiry which refused admission to petitioner. *Held*, that the term "officials," in the latter section, is not used in contradistinction to "clerks," as is the term "officers" in the former section, and the construction by the department that it includes clerks will be valid.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 101; Dec. Dig. ☞42.

For other definitions, see Words and Phrases, First and Second Series, Official.]

2. ALIENS ☞53—IMMIGRATION—WIFE OF RESIDENT ALIEN—HOSPITAL TREATMENT.

The wife of a Japanese domiciled in this country, who had not and could not file his declaration of intention to become a citizen, is not entitled, as a matter of right, to hospital treatment under Immigration Act, § 37 (Comp. St. 1913, § 4286), providing that if the wife of an alien, who has taken up his permanent residence and filed his declaration of intention to become a citizen, is found affected with any contagious disorder, she shall be held until it shall be determined whether she can be cured or permitted to land without danger to others.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ☞53.]

Habeas corpus by Momo Tomimatsu. On return to the petition for the writ. Writ denied, and petitioner remanded.

Earl H. Pier, of San Francisco, Cal., for petitioner.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. [1] Petitioner, a Japanese woman, came here with a passport from the Japanese government, to join her husband, who is a Japanese domiciled in this country. She was refused admission by a board of special inquiry because afflicted with trachoma, a dangerous contagious disease. It is urged on her behalf that this board was not legally constituted, because its members were not all immigration officials; one of them being a clerk in the immigration service. Section 25 of the Immigration Act provides:

"Each board [of special inquiry] shall consist of three members, who shall be selected from such of the immigrant officials in the service as the Commissioner General of Immigration * * * shall from time to time designate as qualified to serve on such boards: Provided, that at ports where there are fewer than three immigrant inspectors, the Secretary of Labor * * * may designate other United States officials for service on such boards." Comp. St. 1913, § 4274.

At San Francisco, where the board of inquiry in the present case acted, there are more than three immigrant inspectors. It is to be noted that the members of such boards are not necessarily to be selected from immigrant inspectors, but from immigrant officials. Section 24 of the same act makes a distinction between immigration *officers* and clerks by the use of the following language:

"Immigrant inspectors and other immigration officers, clerks, and employés shall hereafter be appointed," etc. Comp. St. 1913, § 4273.

But section 25, which provides for the creation of boards of special inquiry, does not use the word "officers," but the word "officials." And

while the act does distinguish between officers and clerks, there is nothing therein to indicate that the words "immigrant officials in the service" may not include clerks. Congress, having used the word "officers" throughout section 24, substitutes the word "officials" in the next section, when providing for the creation of boards of special inquiry. I am not prepared to say that this was not done designedly, and because of an intended distinction between the meanings of the two words as thus employed. The department having regarded a clerk as an official within the meaning of section 25, I cannot import the word "officer" from the preceding section, where alone the distinction between officer and clerk is indicated.

[2] It is further claimed that petitioner's application for hospital treatment was not properly forwarded. But petitioner was not entitled to hospital treatment as a matter of right, under section 37, as her husband had not filed his declaration of intention to become a citizen, and indeed was incapable of so doing. In any event a sufficient synopsis of the application for hospital treatment was telegraphed to the Secretary to enable him to grant the application, had he so desired. The petitioner is not injured by a failure to comply strictly with a rule made to cover cases falling within the statute, and designed only for the benefit of the wives of such aliens as have declared their intention to become citizens.

The petition for writ will therefore be denied, and the petitioner remanded.